### WRGB, Inc. v. C. J. Richards

[528 A.2d 743]

No. 85-232

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 10, 1987

*Tepper & Dardeck, Rachel E. Seidman*, Law Clerk (On the Brief), Rutland, for Plaintiff-Appellee.

*DeBonis & Wright, P.C.*, Poultney, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from a money judgment after a court trial on account of advertisements placed with plaintiff radio station. We affirm.

Defendant was the manager of the Albany-Saratoga Speedway in Malta, New York. During 1981 and 1982, defendant, as manager of the Speedway, placed advertisements with plaintiff through an advertising agency in Albany, New York. Prior to May 1983, defendant learned that the Albany agency would no longer be handling the advertising for plaintiff, and defendant applied in his own name for status as an advertising agency to place the advertisements with plaintiff. Plaintiff approved defendant's application after it checked defendant's trade references.

During May 1983, defendant placed orders for advertisements with plaintiff for a total consideration of $1,657.50. The advertisements for events at the Albany-Saratoga Speedway ran on WRGB, but the amount due was never paid. Finding no evidence that defendant claimed to be acting as manager for the Albany-Saratoga Speedway in May 1983, when the advertisements in question were placed, the trial court held that defendant had applied for and received recognition as an advertising agency from plaintiff, was prepared to accept the 15% commission, and was liable for the unpaid bill for $1,657.50.

On appeal, defendant asserts that he is not liable for the amount due to plaintiff, because he was at all times acting as agent for the Albany-Saratoga Speedway. Defendant does not deny that he applied for independent agency status before the advertisements were placed and accepted, but he contends that "[b]oth parties understood that the advertising agency was created solely as a fiction to allow Albany-Saratoga Speedway to

save 15% of its costs for advertising placed with the Defendant." The trial court found that defendant had obtained independent advertising agency status, and that defendant had not at any time acted in his capacity as an officer of the Speedway in contracting for the 1983 advertisements. We find that the evidence supports these findings.

Further, there is no evidence that plaintiff waived any of its rights under the contract it had with defendant as an independent agency. On the record below, it is clear that whether defendant retained the 15% commission or passed it along to his employer was a matter of indifference to plaintiff, which entered into an agreement with defendant and had every right to expect that defendant would honor the terms of that agreement. Accordingly, the trial court did not err in concluding that defendant acted in his personal capacity in entering into this agreement and that he was therefore liable for the debt.

*Affirmed.*